**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION - BLOOM**
**CASE NO. 1:26-cv-24489-BB**

**JAN CARLOS PIMENTEL,** *individually and on behalf of all others similarly situated*,

**Plaintiff,**

**v.**

**LOHI LOGISTICS LLC,**

**Defendant.**

_______________________________/

**DEFENDANT LOHI LOGISTICS LLC'S ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant LoHi Logistics LLC respectfully answers Plaintiff's Class Action Complaint as follows:

## PRELIMINARY STATEMENT

1. Admitted in part, denied in part. Defendant admits only the accuracy of any properly quoted language from the authorities referenced in ¶ 1 of the Complaint. Otherwise, denied.

2. Admitted in part, denied in part. Defendant admits only the accuracy of any properly quoted language from the authorities referenced in ¶ 2 of the Complaint. Otherwise, denied.

3. Admitted in part, denied in part. Defendant admits only the accuracy of any properly quoted language from the authorities referenced in ¶ 3 of the Complaint. Otherwise, denied.

## NATURE OF THE CLAIM

4. Admitted in part, denied in part. Defendant admits Plaintiff brings this case as a putative class action for alleged violations of the TCPA. Defendant denies it violated the TCPA, and further denies this case is capable of or appropriate for class treatment.

5. Denied.

6. Admitted in part, denied in part. Defendant admits Plaintiff seeks injunctive relief. Defendant denies engaging in the conduct Plaintiff seeks to prohibit. Defendant denies sending the text messages at issue in this case. Defendant denies Plaintiff is entitled to statutory damages or other legal or equitable relief. All remaining allegations in ¶ 6 of the Complaint are denied.

## JURISDICTION AND VENUE

7. Denied.

8. Denied.

## PARTIES

9. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 9 of the Complaint, and as such they are denied.

10. Admitted.

11. Denied.

## FACTS

12. Denied.

13. Denied.

14. Denied.

15. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 15 of the Complaint, and as such they are denied.

16. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 16 of the Complaint, and as such they are denied.

17. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 17 of the Complaint, and as such they are denied.

18. Admitted in part, denied in part. Defendant admits it maintains and/or has access to outbound transmission reports for all text messages sent. Defendant denies these reports show the dates, times, target telephone numbers, and content of each call sent to Plaintiff or the Class members. To the contrary, those reports show that Defendant did not send Plaintiff the text messages appearing in ¶ 12 of the Complaint, and did not send any texts containing the messages appearing in ¶ 12 of the Complaint to anyone.

19. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 19 of the Complaint, and as such they are denied.

20. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 20 of the Complaint, and as such they are denied.

21. Denied.

## CLASS ALLEGATIONS

### PROPOSED CLASS

22. Admitted in part, denied in part. Defendant admits Plaintiff brings this case as a class action, and seeks to certify the class defined in ¶ 22 of the Complaint. Defendant denies Plaintiff's claims have merit, denies Plaintiff's proposed class is capable of certification, and otherwise denies any remaining allegations.

23. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 23 of the Complaint, and as such they are denied.

24. Defendant denies there are thousands of class members. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in ¶ 24 of the Complaint, and as such they are denied.

### NUMEROSITY

25. Denied.

26. Denied.

### COMMON QUESTIONS OF LAW AND FACT

27. Denied, including all subparts.

28. Denied.

### TYPICALITY

29. Denied.

### PROTECTING THE INTERESTS OF CLASS MEMBERS

30. Denied.

**SUPERIORITY**

31. Denied.

32. Denied.

**COUNT I**
**VIOLATIONS OF 47 U.S.C. § 227(c) AND 64.1200(c)**
**(On Behalf of Plaintiff and the Class)**

33. Defendant incorporates ¶¶ 1-33 of this Answer as though more fully set forth here.

34. Admitted in part, denied in part. Defendant admits only the accuracy of any properly quoted statutory or regulatory language appearing in ¶ 34 of the Complaint. Otherwise, denied.

35. Admitted in part, denied in part. Defendant admits only the accuracy of any properly quoted statutory or regulatory language appearing in ¶ 35 of the Complaint. Otherwise, denied.

36. Admitted in part, denied in part. Defendant admits only the accuracy of any properly quoted statutory or regulatory language appearing in ¶ 36 of the Complaint. Otherwise, denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

**PRAYER FOR RELIEF**

Defendant denies Plaintiff's entitlement to the relief sought in his Prayer for Relief, including all subparts.

## DEMAND FOR JURY TRIAL

Defendant demands a jury trial.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiff sustained damages (which Defendant denies), such damages were caused by the acts or omissions of others over whom Defendant lacks authority or control. Such others include, but are not limited to, the individual(s) who sent the text messages and engaged in other conduct intended to deceive Plaintiff into believing Defendant sent the messages.

WHEREFORE, Defendant LoHi Logistics, LLC respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff; dismiss Plaintiff's Complaint with prejudice; and further award all such other relief as is just and appropriate.

Respectfully submitted,

**MESSER STRICKLER BURNETTE, LTD.**

By: */s/ Lauren M. Burnette*
LAUREN M. BURNETTE, ESQUIRE
FL Bar No. 0120079
JOHN M. MAREES II, ESQUIRE
FL Bar No. 069879
KYLIE M. PRIETO, ESQUIRE
FL Bar No. 1069651
ROSAJUNELY CARTAGENA RUIZ, ESQUIRE
FL Bar No. 1069299
1400 Marsh Landing Parkway, Suite 109
Jacksonville, FL 32250
☏ (904) 373-0546
🖷 (904) 298-8350 (fax)
lburnette@messerstrickler.com
jmarees@messerstrickler.com
rruiz@messerstrickler.com
kprieto@messerstrickler.com
*Counsel for Defendant*

Dated: August 6, 2026

## CERTIFICATE OF SERVICE

I certify that on August 6, 2026, a true copy of the foregoing document was served on all unrepresented parties and counsel of record by electronic service and/or U.S. Mail, postage prepaid.

**MESSER STRICKLER BURNETTE, LTD.**

By: */s/ Lauren M. Burnette*

LAUREN M. BURNETTE, ESQUIRE
FL Bar No. 0120079
JOHN M. MAREES II, ESQUIRE
FL Bar No. 069879
KYLIE M. PRIETO, ESQUIRE
FL Bar No. 1069651
ROSAJUNELY CARTAGENA RUIZ, ESQUIRE
FL Bar No. 1069299
1400 Marsh Landing Parkway, Suite 109
Jacksonville, FL 32250
☎ (904) 373-0546
(904) 298-8350 (fax)
lburnette@messerstrickler.com
jmarees@messerstrickler.com
rruiz@messerstrickler.com
kprieto@messerstrickler.com
*Counsel for Defendant*

Dated: August 6, 2026